PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* JOSÉ PÉREZ BARROS, Defendant and Appellant.

No. 3896.   Argued November 20, 1929.—Decided March 27, 1930.

J. L. *Rodríguez Cancio* and *Angel A. Vázquez,* for appellant.  R. A. *Gómez,* for appellee.

Mr. Justice Hutchison delivered the opinion of the court.

At the close of a trial in the district court the judge stated that the law and the facts were against defendant, and found him guilty of carrying a weapon.

There were two questions of law and two of fact.  The evidence for the prosecution tended to show that defendant was carrying the weapon on a public road which leads from a municipal hospital through defendant's property, to Las Marías.  The testimony for the defense tended to show that the weapon, a revolver, had been left with a gunsmith in Mayagüez, repaired, and returned by him accompanied by a letter; that the package had been left by a messenger in the house of a tenant; that defendant on his way home from town stopped at the tenant's house, opened the package, put the letter in one pocket, and the revolver in another, and was arrested on his own land while en route to his dwelling

which was within a short distance from the spot where he received the package.

There was some conflict in the testimony as to whether defendant was on the road at the time of the arrest. A policeman testified that he arrested defendant while on the road, and that it was a public road. Appellant cites *People* v. *Díaz,* 37 P.R.R. 426, in support of the contention that the policeman's statement as to the public character of the road was a mere conclusion of law or opinion of the witness. The testimony of the tenant, of the gunsmith, of the messenger, and of defendant as to the manner in which the revolver had been sent from Mayagüez and delivered to defendant was uncontradicted. The letter said to have been written by the gunsmith and enclosed by him in the package with the revolver was excluded, on objection by the district attorney as "self-serving evidence".

The letter, of course, may have been written after the arrest and at any time before the trial. All of the testimony in regard thereto, and in regard to the repairing of the revolver, and in regard to the manner in which it was sent from Mayagüez to Las Marías and received by defendant may have been false. These were questions to be determined by the trial judge after weighing all of the evidence. The document was offered in evidence after identification, as a letter written by the gunsmith, in which he acknowledged receipt of one dollar and fifty cents for repairing the revolver and stated that he was sending it to defendant by Felipe Lavergne. The gunsmith had also stated that the weapon already identified as the one carried by defendant was the revolver repaired by witness and referred to in the letter. Other witnesses had already testified to the delivery by Lavergne of the package containing the letter and the revolver to the tenant during the afternoon, and by the tenant to defendant in the evening of the same day a few minutes before the arrest of defendant. The court below erred in excluding the letter as "self-serving evidence".

If it be true that defendant was on his way home with a revolver after the same had been repaired and returned to him by a gunsmith, he was not carrying it as a weapon, and was not guilty of any offense, whether on a public road or not. 8 R.C.L. page 288, par. 309; *People* v. *Borges*, 23 P.R.R. 486, and cases cited. If it were quite clear that the district judge decided this question of fact adversely to defendant, we would not be disposed to disturb the result. The district judge may have meant, however, that both the law and the facts were against the defendant as to the public character of the road and as to whether or not he was on the road at the time, and, as has been held elsewhere, that the question of intent was immaterial, or in other words, that defendant was guilty regardless of the purpose for which defendant was carrying the weapon as disclosed by the uncontradicted testimony for the defense. See 8 R.C.L. *supra.* It seems only fair to give defendant the benefit of whatever doubt there may be on this point.

The judgment appealed from will be reversed and the case remanded for further proceedings not inconsistent herewith.